IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELIZABETH D.,[1]

    Plaintiff,

    v.

                                     Civil Case No. 3:24-cv-755

FRANK BISIGNANO,[2]
*Commissioner of the*
*Social Security Administration,*

    Defendant.

## FINAL MEMORANDUM ORDER

In this action, Plaintiff Elizabeth D. ("Plaintiff") seeks review of the Commissioner of the

Social Security Administration's ("Commissioner") decision to deny her application for benefits.

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report

and Recommendation (the "Objections"). (ECF No. 16.) On February 9, 2026, Magistrate

Judge Summer L. Speight entered the Report and Recommendation (the "R&R").

Plaintiff raises three Objections to the reasoning of the Administrative Law Judge

("ALJ"), and by extension the Magistrate Judge's decision that adopted the ALJ's findings.

Plaintiff objects that (1) the Magistrate Judge incorrectly applied governing precedent of the

United States Court of Appeals for the Fourth Circuit to the ALJ's Residual Functional Capacity

("RFC") determination; (2) the Magistrate Judge applied the incorrect standard in reviewing the

---

[1] The Committee on Court Administration and Case Management of the Judicial
Conference of the United States recommends that, due to significant privacy concerns in social
security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the
former Acting Commissioner as Defendant in this Action.

ALJ's determination that Plaintiff has moderate limitations in concentration, pace, and persistence; and, (3) the Magistrate Judge and ALJ improperly based their determinations on "general assumptions" not drawn from the record. (ECF No. 16, at 1–6.)

The Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, (ECF No. 11), and affirm the decision of the ALJ. (ECF No. 15, at 22.) After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. For the reasons articulated below, the Court concludes that Plaintiff's Objections lack merit and therefore DENIES Plaintiff's Motion for Summary Judgment, (ECF No. 10), GRANTS Defendant's Motion for Summary Judgment, (ECF No. 13), and ADOPTS the Report and Recommendation, (ECF No. 15), as the opinion of the Court.

## I. Procedural History

On January 29, 2025, Plaintiff filed her Motion for Summary Judgment. (ECF No. 10.) On March 6, 2025, the Commissioner filed his Motion for Summary Judgment. (ECF No. 13.) On February 9, 2026, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's Motion for Summary Judgment. (ECF No. 15.) On February 19, 2026, Plaintiff filed her Objections. (ECF No. 16.) On March 2, 2026, the Commissioner filed a Response. (ECF No. 17.)

## II. Standard of Review

### A.    Appellate Standard of Review

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir.

2

1985).  Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both [28 U.S.C.] § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).  The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge.  The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quotation omitted).  In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

## B.    Determination of Eligibility for Benefits

The determination of eligibility for social security benefits involves a five-step inquiry. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520.  In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; [and,] at step three, whether the medical impairments meet or equal an impairment listed in the regulations." *Mascio*, 780 F.3d at 634.  "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4

3

and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(a)(1) ).

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). "The [Social Security] Administration has specified the manner in which an ALJ should assess a claimant's RFC." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). A claimant's RFC assessment considers his or her capacity to perform sustained physical and mental activities on a regular and continuous basis, in spite of his or her limitations. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996) (policy interpretation for assessing RFC). To formulate the RFC, "[t]he ALJ must consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect the claimant's ability to work." *Thomas*, 916 F.3d at 311 (internal quotation marks and alterations omitted). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. "Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas*, 916 F.3d at 311.

After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the

4

claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior work experience—can do any other work that 'exists in significant numbers in the national economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

### III.  Analysis

**A.      The Court Overrules Plaintiff's First Objection Because the Magistrate Judge Properly Applied the Fourth Circuit's Decisions in *Mascio v. Colvin* and *Shinaberry v. Saul* to the ALJ's RFC Determination**

Plaintiff first objects that the Magistrate Judge incorrectly applied the Fourth Circuit's decisions in *Mascio v. Colvin* and *Shinaberry v. Saul* in determining that the ALJ did not improperly omit Plaintiff's limitations in concentration, persistence, or pace ("CPP") from her RFC determination. (ECF No. 16, at 1–3.) The Court OVERRULES Plaintiff's first Objection.

At step three of the eligibility determination, the ALJ determined that Plaintiff had "moderate" CPP limitations. (Administrative Record ("AR"), at 16.) In the ALJ's subsequent RFC determination, he concluded that Plaintiff "is able to concentrate in the workplace for periods of two hours before requiring a break." (AR, at 17.) Plaintiff objects that while the RFC includes limitations with respect to concentration, the ALJ was required to include "some pace-related limitations" in the RFC or "an explanation as to why such limitations are omitted from the RFC finding when there is a Step Three finding of moderate impairment in the CPP." (ECF No. 16, at 2.)

Plaintiff's Objection relies on the Fourth Circuit's decisions in *Mascio v. Colvin* and

*Shinaberry v. Saul.* (ECF No. 16, at 1–2.) In *Mascio*, the Fourth Circuit held that remand of an ALJ's decision *may* be appropriate where an ALJ failed to conduct "a function-by-function analysis." 780 F.3d 632, 636 (4th Cir. 2015). But the *Mascio* court "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Id.* Instead, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quotation omitted). As the Fourth Circuit later explained in *Shinaberry*,

> [*Mascio*] did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC. On the contrary, [*Mascio*] explained that an "ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation" in the claimant's RFC. "For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert."

952 F.3d 113, 121 (4th Cir. 2020) (quoting *Mascio*, 780 F.3d at 638) (alterations in original).

As the Magistrate Judge concluded, the ALJ engaged in the analysis demanded by *Mascio* and *Shinaberry* by "provid[ing] an extensive, evidence-based discussion relating to Plaintiff's mental impairments and the basis for the limitations assessed in the RFC finding." (ECF No. 15, at 21 (citing AR, at 18–24).) After reviewing in detail Plaintiff's treatment history, the ALJ determined that the "evidence . . . undermines the consistency of [Plaintiff's] allegations of debilitating . . . mental symptoms" and that Plaintiff's "limitations do not preclude all employment." (AR, at 24.) And the ALJ included in the RFC limitations related to "concentrate[ing] in the workplace for periods of two hours before requiring a break," "perform[ing] . . . simple, routine tasks," and working in a

6

"low stress work environment," among others. (AR, at 17.) Even where the RFC does not reference limitations in pace or persistence, the ALJ adequately explained his decision not to include those limitations in the RFC as required by *Mascio*[3] and *Shinaberry*. The Magistrate Judge appropriately concluded that substantial evidence supported the ALJ's RFC determination.[4]

The Court OVERRULES Plaintiff's first Objection to the R&R.

### B. The Court Overrules Plaintiff's Second Objection Because the Magistrate Judge Applied the Proper Standard to the ALJ's Determination of Plaintiff's Moderate Limitations at Step Three

Plaintiff next objects that the Magistrate Judge improperly concluded that the ALJ was not required to evaluate Plaintiff's abilities to concentrate, persist, and maintain pace separately.

---

[3] In *Mascio*, the Fourth Circuit also concluded that remand was warranted because the ALJ asked a vocational expert whether a hypothetical individual with the plaintiff's limitations could perform various kinds of work, but failed to ask the vocational expert about the plaintiff's mental limitations. 780 F.3d at 637. The *Mascio* court determined that the ALJ's failure to include in the hypothetical references to the plaintiff's mental impairments warranted remand. *Id.* at 637–39. Here, the ALJ *did* ask a legally sufficient hypothetical. (AR, at 62–63 (capturing ALJ asking hypothetical concerning an individual who is "[a]ble to concentrate in the workplace for two hours before requiring a break").) The ALJ's hypothetical further demonstrates that his decision complied with *Mascio* and was supported by substantial evidence.

[4] In her Motion for Summary Judgment, Plaintiff also argued that the ALJ's determination at step three that Plaintiff had moderate CPP limitations was not supported by substantial evidence. (ECF No. 11, at 15–18.) The Magistrate Judge correctly concluded otherwise, determining that reading the ALJ's decision "as a whole[] provides an adequate and coherent basis for his step three finding." (ECF No. 15, at 17 (quotation omitted).) In her first Objection, Plaintiff contends that the Magistrate Judge's decision to read the record as a whole with respect to the ALJ's determination *at step three* "does not account for the *Mascio* requirement" with respect to the ALJ's *RFC determination.* (ECF No. 16, at 2.)

The Magistrate Judge's holistic analysis applied only to the propriety of the ALJ's step three determination, not to the propriety of the ALJ's RFC determination. The Magistrate Judge considered whether, as required by *Mascio*, the ALJ explained omissions in the RFC of limitations addressed at step three. The Magistrate Judge properly applied *Mascio*, and the ALJ properly conducted the RFC determination.

7

(ECF No. 16, at 3–4.)  The Court OVERRULES Plaintiff's second Objection.

At step three, the ALJ determined that Plaintiff "has moderate difficulties with regard to concentration, persistence, or maintaining pace." (AR, at 16.)  Plaintiff objects that the ALJ was required to "assess all three abilities . . . and determine which of the three provides the biggest limitation." (ECF No. 16, at 4.)  But as the Magistrate Judge properly concluded, implementing regulations "require the ALJ to assign one rating, specifically the greatest degree of limitation of any part of the area of mental functioning, to the area as a whole." (ECF No. 15, at 17 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(3)(f)(ii)).)[5]  The ALJ was not required to consider each area separately.

Plaintiff counters that the relevant regulation "does in fact require the ALJ [to] assess all three abilities," but provides no citation to caselaw for this proposition. (ECF No. 16, at 4.)  Courts have not read the regulation to require this separated inquiry. *See Keri L.I. v. Kijakazi*, No. 2:22-cv-357 (DEM), 2023 WL 4882916, at *5–6 (E.D. Va. June 15, 2023) (finding that ALJ's finding that plaintiff had moderate limitations with respect to concentration alone was sufficient to support finding of a moderate CPP limitation as a whole), *report and recommendation adopted*, 2023 WL 4868551 (E.D. Va. July 31, 2023).  Accordingly, the Magistrate Judge correctly concluded that the ALJ's determination as to Plaintiff's CPP limitations as a whole was appropriate.

---

[5] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(3)(f)(ii) provides, in relevant part:

> We will document the rating of limitation of the whole area of mental functioning, not each individual part. We will not add ratings of the parts together. For example, with respect to paragraph B3, if you have marked limitation in maintaining pace, and mild or moderate limitations in concentrating and persisting, we will find that you have marked limitation in the whole paragraph B3 area of mental functioning.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(3)(f)(ii).

The Court OVERRULES Plaintiff's second Objection to the R&R.

**C.    The Court Overrules Plaintiff's Third Objection Because the Magistrate Judge Properly Determined that the ALJ's Decision was Supported by <u>Substantial Evidence by Relying Only on Evidence Considered by the ALJ</u>**

Third and finally, Plaintiff objects that "[i]n a series of footnotes," the R&R improperly "engages in general assumptions about what certain types of activities of daily living might, at best, suggest about Plaintiff's ability to function." (ECF No. 16, at 4.)  The Court OVERRULES Plaintiff's third Objection.

For example, the Magistrate Judge explained that "[t]he ALJ's decision acknowledges that Plaintiff plays video games for two to five hours each day," (ECF No. 15, at 18 (citing AR at 16, 18)), which the ALJ explained was an "activit[y] of daily living that invariably called for some degree of concentration," (AR, at 16).  Plaintiff contended that the ALJ erred in finding that an ability to play video games for up to five hours required some degree of concentration when the ALJ did not inquire as to whether Plaintiff made progress in the game.  (ECF No. 11, at 20.)  The Magistrate Judge disagreed, explaining that the ALJ's step three determination was supported by substantial evidence because "[a]n ability to focus on a video game for up to five hours has an obvious nexus to Plaintiff's ability to concentrate, regardless of Plaintiff's skill or progress." (ECF No. 15, at 18 n.9.)  Plaintiff renews her objection that playing video games for several hours at a time does not speak to her ability to concentrate.  (ECF No. 16, at 5.)

Plaintiff makes similar arguments with respect to the ALJ's determination that Plaintiff was capable of concentrating because she engaged in meal preparation, could manage her own money, and attended therapy sessions.  (ECF No. 16, at 4–5.)  Plaintiff's arguments before the Magistrate Judge and in her Objection suggest only that Plaintiff takes a different view of the evidence.  The Court cannot not re-weigh evidence that was properly before the ALJ or

9

"substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589.  The question before the Magistrate Judge was whether the ALJ's decision was supported by substantial evidence.  The Magistrate Judge correctly determined that it was.

Plaintiff further objects that "the R&R only considers these activities in the context of an ability to concentrate" and failed to "explore any evidence about Plaintiff's abilities to persist or maintain any pace." (ECF No. 16, at 6.)  However, as the Magistrate Judge explained, the ALJ "considered evidence pertaining to Plaintiff's ability to persist or maintain pace," such as Plaintiff's failure to complete tasks and lack of motivation.  (ECF No. 15, at 17 (citing AR, at 16, 18, 19).)  The Magistrate Judge rightly concluded that the ALJ's decision was supported by substantial evidence.

The Court OVERRULES Plaintiff's third Objection to the R&R.

## IV.  CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision.  The Court ORDERS that:

(1)  Plaintiff's Objections to the R&R, (ECF No. 16), are OVERRULED;

(2)  The R&R, (ECF No. 15), is ADOPTED on the basis of the reasoning in the R&R;

(3)  Plaintiff's Motion for Summary Judgment, (ECF No. 10), is DENIED;

(4)  The Commissioner's Motion for Summary Judgment, (ECF No. 13), is GRANTED; and,

(5)  The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 3/25/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

10